UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR AND DOROTHY LAUDERDALE,

                Plaintiffs,            Civil Action No.
                                              10-CV-13229

vs.

                                              PAUL D. BORMAN

WELLS FARGO HOME MORTGAGE,       UNITED STATES DISTRICT JUDGE
HSBC BANK, N.A. and
FIRST AMERICAN FINANCIAL CORPORATION
a/k/a FIRST AMERICAN FIELD SERVICES AND
PROPERTY PRESERVATION COMPANY

                Defendants.
_____/

## ORDER DENYING PLAINTIFFS' MOTION TO REMAND

This is a personal property case. Arthur and Dorothy Lauderdale ("Plaintiffs") allege that agents of Wells Fargo Home Mortgage and HSBC Bank, N.A. ("Defendants") improperly removed personal items from Plaintiffs' residence. A Complaint was filed in Wayne County Circuit Court on July 19, 2010. Defendants removed the case to this Court on August 13, 2010, and filed an Answer on August 25, 2010. Subsequently, Plaintiffs filed the instant Motion to Remand on September 8, 2010. Defendants responded on October 4, 2010, and Plaintiffs replied on October 14, 2010. Oral argument was held on November 3, 2010.

### II.  BACKGROUND

The following facts are taken from Plaintiffs' Complaint. *See* Plts' Comp. at ¶¶ 10-20. Plaintiffs owned a residence at 7915 - 7919 E. Vernor in Detroit, with Defendants holding a

1

mortgage in the property.[1]  After Plaintiffs defaulted on the mortgage payment, Defendants initiated foreclosure proceedings on October 14, 2008.  The property was sold at a sheriff's sale on November 12, 2008.

Approximately one month prior to the sheriff's sale, on September 17, 2008, Plaintiffs discovered Defendants' "representatives" on the property.  Plaintiffs allege that these representatives changed the locks on the residence, refused entry to the Plaintiffs, and removed all of Plaintiffs' personal property from the residence.  Plaintiffs subsequently initiated this suit, relying on Michigan statutory and common law as their bases for relief.

### III.  LEGAL STANDARD

Diversity jurisdiction is governed by 28 U.S.C. § 1332(a), which states in pertinent part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) Citizens of different states; . . .

"A defendant wishing to remove a case bears the burden of satisfying the amount-in-controversy requirement." *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006).  Where the sum claimed in the complaint is unspecified, "the defendant satisfies its burden when it proves that the amount in controversy 'more likely than not' exceeds $75,000." *Id.* (citing *Gafford v. General Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993)).  This burden has also been characterized as "a preponderance of the evidence." *Hayes v. Equitable Energy Resources Co.,* 266 F.3d 560, 572 (6th Cir. 2001).  The amount is determined at the time of removal. *Everett*, 460 F.3d at 822.

---

[1] Plaintiffs allege that the original mortgage was granted to Wells Fargo in September 2004, and was subsequently assigned to HSBC.  Plts' Comp. at ¶¶ 12 and 14.

"'When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered . . . unless it is apparent to a legal certainty that such cannot be recovered.'" *Hayes*, 266 F.3d 560, 572 (6th Cir. 2001) (quoting *Holley Equip. Corp. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987)).

## IV. ANALYSIS

Plaintiffs argue that their actual damages amounted to $21,695, and that even if damages were trebled, as allowed under the claimed statutory violations, the value of the claim only reaches $65,085. Plaintiffs point to a letter written by Plaintiffs' former counsel in this matter as support that their claim does not exceed $75,000. *See* Plts' Ex. 1 - December 22, 2008 Letter. However, this letter was not incorporated into Plaintiffs' Complaint, which is the only pertinent document for purposes of this analysis. *See Hayes*, 266 F.3d at 573 (noting that the inquiry focuses on "the damages sought by Plaintiffs in their original complaint."). Moreover, the letter requests an unspecified amount: ". . . a total loss to Mr. Lauderdale in the sum of Twenty One Thousand Six Hundred Ninety Five ($21,695) Dollars *plus the loss of his property*." *Id.* (emphasis added). Thus, even based on this letter, Plaintiffs' damages are not necessarily limited to $65,085. Finally, while Plaintiffs' argument addresses their request for treble damages in this case, Plaintiffs fail to address their numerous requests for exemplary damages in the Complaint.

The Court finds that the relief requested in the Complaint more likely than not exceeds the amount-in-controversy requirement. In connect with Counts I (violation of Michigan's Anti-Lockout Statute, MCL 600.2918), III (trespass to chattels), V (unjust enrichment), and VI (violation of Michigan's Consumer Protection Act, MCL 445.901, et seq.), Plaintiffs request:

3

> a judgment against Defendant [sic], in an amount to be determined
> in excess of $25,000 *plus exemplary damages*, interest, costs and
> statutory attorney fees.

*See generally* Plts' Comp. at 4-8 (emphasis added). Exemplary damages are akin to punitive damages. 22 Am. Jr. 2d *Damages* § 544 (2006). As the Sixth Circuit has noted, "punitive damages must be considered . . . unless it is apparent to a legal certainty the such cannot be recovered." *Hayes*, 226 F.3d at 572. Under Michigan law, exemplary damages are allowed for tortious conduct by a defendant. *Kewin v. Massachusetts Mut. Life Ins. Co.*, 409 Mich 401, 419, 295 N.W.2d 50, 55 (1980). Thus, it is legally possible for Plaintiffs to recover exemplary damages in addition to treble damages, and such an award may exceed $75,000. *See Hayes*, 226 F.3d at 573 (holding "that a fair reading of the unspecified and unliquidated damages sought by Plaintiffs provided that more than $75,000 was in controversy.").

In addition, at oral argument on this matter the Court asked Plaintiffs' counsel if he would stipulate to limiting damages to less than $75,000. Plaintiffs' counsel refused, claiming that he may seek to amend the Complaint and add additional Defendants – and thus raise the current amount in controversy. Therefore, virtually by admission of Plaintiffs' counsel, the amount in controversy in this case exceeds $75,000.

## V. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiffs' Motion to Remand.

SO ORDERED.

S/Paul D. Borman<br>
PAUL D. BORMAN<br>
UNITED STATES DISTRICT JUDGE

Dated: November 17, 2010

4

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on November 17, 2010.

                                                S/Denise Goodine
                                                Case Manager