UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR AND DOROTHY LAUDERDALE,

          Plaintiffs,

vs.

WELLS FARGO HOME MORTGAGE,
HSBC BANK, N.A. and
FIRST AMERICAN FINANCIAL CORPORATION
a/k/a FIRST AMERICAN FIELD SERVICES AND
PROPERTY PRESERVATION COMPANY

          Defendants.
_____/

Civil Action No.
10-CV-13229

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER
(1) DISMISSING WITHOUT PREJUDICE DEFENDANT D&D INNOVATION, INC.,
PURSUANT TO FED. R. CIV. P. 4(m),
(2) GRANTING DEFENDANT FIRST AMERICAN'S MOTION FOR SUMMARY
JUDGMENT (Dkt. No. 37),
(3) GRANTING DEFENDANT HSBC BANK, N.A.'S MOTION FOR SUMMARY
JUDGMENT, and
<u>(4) DISMISSING THE ACTION</u>**

Arthur and Dorothy Lauderdale ("Plaintiffs") allege that agents of Wells Fargo Home Mortgage, HSBC Bank, N.A. (collectively, "Wells Fargo"), and First American Financial Corporation, a/k/a First American Field Services and Property Preservation Company ("First American"), improperly removed personal items from Plaintiffs' residence. The Complaint was filed in Wayne County Circuit Court on July 19, 2010. Defendants removed the case to this Court on August 13, 2010, and filed an Answer on August 25, 2010.

1

On February 28, 2011, Defendant First American filed a Third-Party Complaint against D&D Innovation, Inc. ("D&D," collectively with Wells Fargo and First American, "Defendants"), alleging that D&D provided securitization services for Defendant First American at the time of the incident at issue, and that D&D was liable under an indemnity agreement with Defendant First American. (Dkt. No. 19.) Plaintiffs filed an Amended Complaint naming D&D as a Defendant on March 1, 2011. (Dkt. No. 20.) However, apparently because it was unable to effectively serve D&D, Defendant First American voluntarily dismissed D&D without prejudice on December 27, 2011. (Dkt. No. 46.) The docket reflects that a Summons and a Third-Party Summons were issued for D&D on March 2, 2011 (Dkt. Nos. 22, 23.), but no Return of Service was ever filed with regard to either Summons. Plaintiffs have not filed a voluntary dismissal of Defendant D&D.

On October 17, 2011, Defendant First American and Defendant Wells Fargo filed separate Motions for Summary Judgment. (Dkt. Nos. 37, 38.) Plaintiffs filed Responses on December 1, 2011. (Dkt. Nos. 43, 44.) Defendant First American filed a Reply on December 27, 2011. (Dkt. No. 45.) The Court held a hearing on April 27, 2012.

For the reasons stated below, the Court will GRANT Defendants' Motions.

## I. BACKGROUND

Plaintiffs owned a residence at 7915 - 7919 E. Vernor in Detroit, with Defendants holding a mortgage in the property.[1] Plaintiffs' mortgage agreement provided as follows:

> If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, . . . or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property

---

[1] Plaintiffs allege that the original mortgage was granted to Wells Fargo in September 2004, and was subsequently assigned to HSBC. Plts' Comp. at ¶¶ 12 and 14.

> and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. . . . Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off.

(Def. First American's Mot. for Summ. J. Ex. B, Mortgage Agreement 8-9.)

Plaintiffs defaulted on their mortgage payment, and Defendants initiated foreclosure proceedings. The property was sold at a sheriff's sale on November 12, 2008.

Defendant First American provided asset management services for real estate owned by Defendant Wells Fargo. Defendant First American hired Defendant D&D to provide the actual preservation and securitization of individual properties.

Prior to the sheriff's sale of Plaintiffs' property, on September 17, 2008, Defendant D&D, acting pursuant to its contract with Defendant First American, arrived at Plaintiffs' property to perform a "secure." According to Defendant First American's notes regarding the incident, after arriving at the property D&D employees reportedly knocked on the door and received no answer, and further inquired with Plaintiffs' neighbors to confirm that Plaintiffs' property was then vacant. (Def. First American's Mot. Summ. J. Ex. E, Vendor Notes.) The D&D employees then entered Plaintiffs' home and changed the door locks, noting that it appeared to be "under renovation," that there was a missing toilet, missing wall fixtures, as well as debris and garbage throughout the home. (*Id.*) While Defendant D&D was still at the property, Plaintiff Arthur Lauderdale arrived at the house and requested an explanation for D&D's actions. Plaintiffs allege that D&D employees gave Plaintiff Arthur Lauderdale a phone number, which he called and spoke to "Joe Gerr." (Pls.' Resp. Ex. 4, Arthur Lauderdale Notes.) Mr. Gerr allegedly told Mr. Lauderdale that he would call back,

but never did.

Plaintiffs claim that the D&D representatives changed the locks on the residence, refused entry to the Plaintiffs, damaged the home, and removed several of Plaintiffs' personal items from the residence. Now before the Court are Defendants' Motions for Summary Judgment.

## II. LEGAL STANDARD

Summary judgment is appropriate only where there is an "absence of a genuine issue of material fact for trial." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009). Federal Rule of Civil Procedure 56(c) provides that it "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." "The party bringing the summary judgment motion has the initial burden of informing the district court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts." *Alexander*, 576 F.3d at 558. The Court views all evidence in favor of the nonmoving party. *Matsushita Electric Industrial Co., Ltd., et al. v. Zenith Radio Corp., et al.*, 475 U.S. 547, 587 (1986). However, the party opposing the motion must still make an affirmative evidentiary showing that there is a disputed fact, and "may not 'rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact[.]'" *Alexander*, 576 F.3d at 558 (quoting *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989)). Indeed, "[t]he failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion." *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009).

## III. ANALYSIS

### A. Subject Matter Jurisdiction

Plaintiffs argue in their Response brief that the Court must first consider subject-matter jurisdiction based on the addition of Defendant D&D, which is a Michigan Corporation. However, Plaintiffs have not filed any proof of service showing that Defendant D&D has been served with a copy of the Amended Complaint. At the April 27, 2012 hearing, Plaintiffs' counsel conceded that Defendant D&D is out of business and no longer exists. The Court further notes that Defendant D&D has not filed an appearance in this case, and that Plaintiffs have failed to file a return of service for Defendant D&D despite filing the Amended Complaint more than a year ago. Accordingly, the Court will dismiss Defendant D&D without prejudice pursuant to Fed. R. Civ. P. 4(m).

**B. Defendant First American's Exhibits C, D, and E**

Plaintiffs argue that Exhibits C, D, and E to Defendant First American's Motion for Summary Judgment were never produced or disclosed to Plaintiffs pursuant to Rule 26(a), and should not therefore be considered on summary judgment. Federal Rule of Civil Procedure 56(c)(2) provides that "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Defendant First American contends that the documents were attached to its Rule 26(a) disclosures. Defendant First American has also submitted a Certificate of Service reflecting that its Rule 26(a) disclosures were served on Plaintiffs' counsel on September 13, 2011, prior to the filing of its Motion for Summary Judgment. (Def. First American's Reply Ex. B., Rule 26(a) Disclosures.)

The Court will consider the documents submitted with Defendant First American's Motion for Summary Judgment. The documents merely evidence that Defendant First American engaged Defendant D&D to perform the secure of Plaintiffs' property – a fact that Plaintiffs admit in their Amended Complaint. (Am. Compl. ¶ 20.) Considering that Plaintiffs filed the Amended Complaint

5

on March 1, 2011, Plaintiffs' counsel had more than an adequate amount of time to conduct discovery regarding the documents at issue.

## C. Defendants' Arguments in Support of Summary Judgment

*1. Anti-Lockout Statute*

Defendants argue that Plaintiffs' claim under Michigan's Anti-Lockout Statute, M.C.L. § 600.2918, is barred by the statute of limitations. Section 600.2918(6) provides that "[a]n action for damages under this section shall be commenced within 1 year from the time the cause of action arises or becomes known to the plaintiff." Plaintiffs allege that the events at issue occurred on September 17, 2008, but did not file the Complaint until July 19, 2010.

While Plaintiffs admit that their claim is time barred as to Defendants Wells Fargo and First American, they argue that because their cause of action against Defendant D&D was not known until February 28, 2011, this claim should survive as to Defendant D&D. However, because Defendant D&D is dismissed, as noted *supra* at Part A, Plaintiffs' claim under § 600.2918 must be dismissed.

*2. Evidence That Plaintiffs' Items Were Stolen*

Defendants argue that Plaintiffs have failed to establish that any of their personal property was actually removed from the premises. The Court agrees.

In response to Defendants' Motions, Plaintiffs rely on the allegations in the Complaint. (Pls.' Resp to Def. Wells Fargo's Mot. for Summ. J. 16.) However, the Supreme Court has long held that "the showing . . . required to overcome a motion for summary judgment is more extensive than that required in the context of a motion to dismiss. The principal difference is that in the former context *evidence* is required, while in the latter setting the litigant may rest upon the allegations of his complaint." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 902 (1990) (emphasis in original).

6

Plaintiffs' reliance on the allegation in the Amended Complaint are thus insufficient in response to Defendants' motions for summary judgment.

The only evidence in the record of Plaintiffs' allegedly stolen items is inadmissible at trial. *See Sperle v. Mich. Dept. of Corr.*, 297 F.3d 483, 495 (6th Cir. 2002) (noting that "[a] party opposing a motion for summary judgment cannot use hearsay or other inadmissible evidence to create a genuine issue of material fact."). Plaintiffs have produced a police report that documents certain items that Plaintiff Arthur Lauderdale reported as stolen. (Pls.' Resp. to Def. Wells Fargo's Mot. for Summ. J. Ex. 14, Ans. to Interog. Exs.) However, the information regarding the stolen items came from Mr. Lauderdale, and were not the result of first-hand observation by the author of the report. Statements of a victim in a police report are hearsay, and are not admissible at trial to prove the truth of the matter asserted. *Miller v. Field*, 35 F.3d 1088, 1091 (6th Cir. 1994).

At the April 27, 2012 hearing, Plaintiffs' counsel admitted that he had not produced any affidavits from his clients in response to Defendants' motions for summary judgment, but argued that Plaintiff Arthur Lauderdale's Answers to Defendant First American's Interrogatories was sufficient evidence to create a genuine issue of material fact. (Pls.' Resp. to Def. Wells Fargo's Mot. for Summ. J. Ex. 14, Ans. to Interog.) Answers to interrogatories and other declarations may suffice in response to summary judgment, but such unsworn declarations must comport with the requirements of 28 U.S.C. § 1746, which requires the statement to be signed, dated, and made under penalty of perjury. *See Pollock v. Pollock*, 154 F.3d 601, 612 n. 20 (6th Cir. 1998); *see also Worthy v. Michigan Bell Telephone Co.*, --- Fed. Appx. ----, 2012 WL 934029, at *1 (6th Cir. Mar. 21, 2012) (noting that "under 28 U.S.C. § 1746, declarations may take the place of affidavits, so long as those declarations are made under penalty of perjury, certified as true and correct, dated, and signed.");

*Harris v. J.B. Robinson Jewelers*, 627 F.3d 235, 239 n. 1 (6th Cir. 2010) (noting that evidence that "is not sworn, nor . . . made under penalty of perjury[] . . . cannot be considered on summary judgment.").

Plaintiff Arthur Lauderdale's Answers to Defendant First American's Interrogatories states that it is "true to the best of my information, knowledge and belief." (Ans. to Interog. 16.) It is not a sworn document, nor is it made under penalty of perjury. Accordingly, it does not comport with 28 U.S.C. § 1746 and cannot be considered by the Court on summary judgment.

Plaintiffs have thus failed to produce any evidence showing that Defendants took personal items from their home, and Defendants are entitled to summary judgment on this issue.

*3. Conversion*

In Counts II and IV, Plaintiffs claim that Defendants are liable for common law conversion and statutory conversion. *See* M.C.L. § 600.2919a. "In Michigan, conversion is defined generally as any distinct act of domain wrongfully exerted over another's personal property in denial of or inconsistent with the rights therein." *Sarver v. Detroit Edison Co.*, 225 Mich. App. 580, 585 (1997) (citation omitted).

Defendants argue that Plaintiffs cannot show that Defendants ever exerted control over, or denied Plaintiffs' rights to, any of Plaintiffs' personal property. In response, Plaintiffs rely on paragraph 24 of the Amended Complaint, which states that Defendants "refused Plaintiffs access to the premises and subsequently removed all of Plaintiffs' personal property from the residence." (Am. Compl. ¶ 24.) Plaintiffs do not set forth any evidence to support the factual allegation in the Amended Complaint.

As noted *supra*, summary judgment demands more than factual allegations. Plaintiffs must

produce some evidence in support of their claims. Here, Plaintiffs have not produced any depositions, affidavits, or any statement subject to penalty of perjury, supporting their claims that Defendants or their agents wrongfully exerted control over Plaintiffs' personal property. Plaintiffs' claims for conversion therefore must be dismissed.

*4. Trespass to Chattels*

As an alternative claim to conversion, Plaintiffs have also pled trespass to chattels. "A trespass to chattels is actionable if one dispossesses another of or intentionally and harmfully interferes with another's property." *Mackie v. Bollore S.A.*, 2010 WL 673295, *4 (Mich. Ct. App. Feb. 25, 2010) (unpublished).

Defendants argue that they cannot be liable for trespass because the mortgage agreement authorized entry onto Plaintiffs' property to perform the secure. In response, Plaintiffs contend that Defendants were still required to give Plaintiffs notice prior to performing the secure, citing the portion of the mortgage agreement that provides for inspections:

> Lender or its agent may make reasonable entries upon and inspection of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice *at the time of* or prior to such an interior inspection specifying such reasonable cause.

(Mortgage Agreement 8, ¶ 7 (emphasis added).)

The Court first notes that Defendants' agents were not at Plaintiffs' property to perform an inspection on September 17, 2008. Thus, the portion of the mortgage agreement cited by Plaintiffs is inapplicable. Furthermore, the record reflects that employees of Defendant D&D knocked on the door of Plaintiffs' property, and inquired with Plaintiffs' neighbors to confirm that the property was vacant. (Def. First American's Mot. Summ. J. Ex. E, Vendor Notes.) Plaintiffs offer no evidence

contesting this factual assertion. Defendant D&D therefore did provide "notice at the time of" its entry to secure (or inspect) Plaintiffs' property. (Mortgage Agreement 8, ¶ 7.) Defendants were therefore authorized under the mortgage agreement to enter Plaintiffs property, and are thus entitled to summary judgment on Count III.

*5. Unjust Enrichment*

Plaintiffs allege in Count V that Defendants were unjustly enriched by wrongfully taking possession of Plaintiffs' personal property. As noted *supra*, Plaintiffs have failed to produce any admissible evidence in support of their claim that Defendants removed Plaintiffs' personal property. Accordingly, Plaintiffs cannot support their claim that Defendants were unjustly enriched by such a taking, and Defendants are entitled to summary judgment.

*6. Michigan Consumer Protection Act, M.C.L. § 445.901, et seq.*

Plaintiffs allege in Count VI that Defendants violated M.C.L. § 445.903(1), subsections (n), (o), (s), (t), (x), (y), (bb), and (cc), of the Michigan Consumer Protection Act ("MCPA"), by taking possession of Plaintiffs' property and representing that they had a right to do so, even though no such right existed. Defendants argue that the MCPA does not apply to mortgage loan transactions. Defendant First American also argues that the MCPA does not apply because it is not an entity engaged in "the conduct of a business providing goods, property, or service primarily for personal, family, or household purposes . . . ." M.C.L. § 445.903(g).

In performing the secure of Plaintiffs' property, Defendants and their agents were possibly providing a service for commercial purposes, but were certainly not a service "for personal, family, or household purposes . . ." M.C.L. § 445.903(g). Accordingly, the prohibition in M.C.L. § 445.903(1) against "[u]nfair, unconscionable, or deceptive methods, acts, or practices *in the conduct*

*of trade or commerce*" is inapplicable to the events at issue in this action. *See* M.C.L. § 445.903(1) (emphasis added). Defendants are therefore entitled to summary judgment on Plaintiffs' claims arising under the MCPA.

**D. Discovery Sanctions**

Defendant First American asserts that Plaintiffs' case should be dismissed pursuant to Federal Rule of Civil Procedure 37(d), because Plaintiffs failed to appear for their discovery depositions. Given that Plaintiffs have failed to produce sufficient evidence in support of their claims, the Court declines to address this argument.

## IV. CONCLUSION

For the reasons stated above, the Court will:

(1) **DISMISS WITHOUT PREJUDICE** Defendant D&D Innovation, Inc., pursuant to Fed. R. Civ. P. 4(m);

(2) **GRANT** Defendant First American's Motion for Summary Judgment;

(3) **GRANT** Defendant Wells Fargo's Motion for Summary Judgment; and

(4) **DISMISS** the action.

SO ORDERED.

Dated: 5-15-12
Detroit, Michigan

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE